AGID, A.C.J., and APPELWICK, J., concur.

Review granted at 140 Wn.2d 1012 (2000).

[No. 40316-8-I.   Division One.   October 4, 1999.]
THE BOEING COMPANY, *Respondent*, v. MICHAEL HANSEN, ET AL., *Appellants*.

*Stephen Robert Powell*, for appellant Hansen.

*Christine O. Gregoire, Attorney General*, and *W. Stuart Hirschfeld, Assistant*, for appellant Department of Labor and Industries.

*Gary Donald Keehn* of *Law Offices of Gary D. Keehn*, for respondent.

Grosse, J. — In order to make a prima facie case regarding the existence of a preexisting injury that subsumes or reduces a current claim for disability arising from an industrial injury, a party must present clinical objective findings of the impairment resulting from that preexisting injury. Absent those objective findings, the opinion of a medical expert based solely on a medical history that does not present objective evidence of impairment is insufficient. Here, Boeing admits that the claimant has a category 3 impairment from the most recent industrial injury. Therefore, the testimony of a neurologist that a prior injury resulted in the same level of impairment, when that doctor's opinion is not based on objective findings of impairment from the prior injury, is insufficient to establish a prima facie case. Thus, the action of the trial court in granting Boeing's motion for summary judgment on the basis of this issue must be reversed.

## FACTS

Michael Hansen was a Boeing employee in 1990 when he sustained a low back injury in the course of his employment. He underwent surgery to repair a herniated disk and returned to work with daily back pain. The Department of Labor and Industries (the Department) issued an order awarding Hansen disability benefits for his category 3 permanent partial dorso-lumbar and/or lumbosacral impairment under WAC 296-20-280. Boeing appealed the order to the Board of Industrial Insurance Appeals (the Board).

At the hearing before the Board, Boeing acknowledged that Hansen had a category 3 impairment as a result of the industrial accident. But Boeing argued that the award should be reduced based on Hansen's impairment resulting from a preexisting, non-work-related injury. Boeing presented testimony from a neurologist, Dr. Lawrence Mur-

phy, who stated that Hansen's 1986 lumbar spinal injury was also a category 3 dorso-lumbar and/or lumbosacral impairment because Hansen underwent a surgical procedure known as a laminectomy. The Board ruled that Dr. Murphy erroneously concluded that a worker meets the requirements of a category 3 impairment for simply having undergone a surgery and that Dr. Murphy's testimony was insufficient to conclude that Hansen was impaired before the industrial accident. The Board ruled in Hansen's favor.

Boeing appealed the decision to King County Superior Court. The court granted Boeing's motion for summary judgment and directed the Department to close the claim with a category 3 award, with a deduction equal to a category 3 for the preexisting injury. Hansen and the Department appeal.

## DISCUSSION

■ Boeing's medical expert acknowledged that Hansen had a category 3 impairment as a result of the industrial accident. As a result, to prevail on its motion for summary judgment, and in fact to prevail on its appeal, Boeing must present prima facie evidence showing that Hansen suffered from a preexisting category 3 impairment. Because Boeing failed to establish an impairment in fact, we reverse.

To establish a preexisting category 3 permanent dorso-lumbar and/or lumbosacral impairment, Boeing must present evidence of (1) a mild low back impairment, and (2) mild continuous or moderate intermittent objective clinical findings of such impairment.[1] The Washington Administrative Code (WAC) defines an impairment as "a loss of physical or mental function."[2] The WAC further clarifies that an "[i]mpairment is evaluated *without reference to the nature of injury or the treatment* therefore, but is based on the

---

[1]WAC 296-20-280(3).

[2]WAC 296-20-220(1)(c).

functional loss due to the injury or occupational disease."[3] The goal of the WAC category system is to allow workers with comparable loss of function to receive comparable awards.[4]

Boeing relies on *Willis v. Simpson Investment Co.*[5] for the proposition that the testimony of its medical expert, Dr. Murphy, was sufficient to establish a prima facie case. Citing *Willis*, Boeing argues that a physician can place a claimant within a particular category even though the claimant does not satisfy all of the criteria for that category. Boeing further contends that the court must accept Dr. Murphy's categorization because Hansen failed to rebut the doctor's testimony with medical testimony of his own. But Boeing's argument misses the point.

While "[e]xaminations for the determination of the *extent* of permanent bodily impairment shall be made only by doctors currently licensed in medicine and surgery,"[6] the doctor must first diagnose any conditions not attributable to the industrial injury and describe "how they affect the person examined and the appropriate category of permanent impairment where possible."[7] Thus, even if evidence of a laminectomy constitutes an objective clinical finding of impairment, a laminectomy alone is insufficient to establish a category 3 dorso-lumbar and/or lumbosacral impairment in fact where the doctor fails to connect that objective clinical finding with an actual loss of physical function.

Dr. Murphy's conclusion that Hansen suffered from a degenerative disk disease was based solely on the fact that Hansen had undergone a laminectomy in 1986 and that Hansen had visited a chiropractor following that surgery. Dr. Murphy acknowledged, however, that Hansen had not seen a chiropractor for over a year before the accident. And

---

[3]WAC 296-20-200(4) (emphasis added).

[4]*See* WAC 296-20-200(1), (4).

[5]*Willis v. Simpson Inv. Co.*, 79 Wn. App. 405, 902 P.2d 1263 (1995).

[6]WAC 296-20-210(1) (emphasis added).

[7]WAC 296-20-210(2).

he further acknowledged that he did not know anything about Hansen's chiropractic visits other than the fact that Hansen did indeed see a chiropractor.

Dr. Murphy must establish the existence of an impairment based on Hansen's loss of function. Without a link between a physical abnormality and an actual loss of function, objective clinical evidence showing the existence of an abnormality is immaterial. Dr. Murphy's testimony does describe Hansen's physical function at the time of the industrial injury. And the record does not sufficiently show an actual preexisting impairment at all. The only evidence before the court showed that Hansen returned to his job in 1986 and, after six weeks, performed his duties without restriction for four years until the 1990 accident.

Because the evidence before the Board *cannot* establish the existence of a preexisting category 3 permanent partial dorso-lumbar and/or lumbosacral impairment, we reverse the superior court's order on summary judgment and remand with instructions to affirm the Board's disability benefits award.

AGID, A.C.J., and Cox, J., concur.